IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00008-BNB

JACK ULREY,
    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
GEORGE DUNBAR, Associate Warden, Buena Vista Correctional Facility,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -7 2009

GREGORY C. LANGHAM
    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jack Ulrey, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Centennial Correctional Facility in Cañon City. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He has paid the $350.00 filing fee. As relief, he asks to be returned to the general prison population, for the expungement of his prison disciplinary conviction, and for reinstatement of his lost, good- and earned-time credits.

The Court must construe the complaint liberally because Mr. Ulrey is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ulrey will be ordered to file an amended complaint.

Mr. Ulrey alleges that his due process rights were violated at his 2005 disciplinary hearing, which resulted in his conviction on disciplinary charges for possession of dangerous contraband under the Code of Penal Discipline. As a result of

the conviction, he asserts that he temporarily was placed in administrative segregation from November 5-20, 2006. He also challenges his reclassification and placement in administrative segregation from March 24, 2006, to December 3, 2008. Although as relief Mr. Ulrey asks to be returned to the general prison population, it is not clear from the complaint whether he currently is in administrative segregation.

Mr. Ulrey must allege exactly what each defendant did to violate his constitutional rights and which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Ulrey must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as George Dunbar, associate warden of the Buena Vista Correctional Facility, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Ulrey may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Ulrey uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The amended complaint Mr. Ulrey will be directed to file must comply with the

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Ulrey must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Ulrey "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown*

*B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In addition, the caption to the amended complaint must comply with D.C.COLO.LCivR 10.1J., which requires Mr. Ulrey to list "one party per line" with the proper name of a party in capital letters and any identifying text in upper and lower case immediately following the proper name. Accordingly, it is

ORDERED that Mr. Ulrey file **within thirty (30) days from the date of this order** an amended complaint as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ulrey, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Ulrey fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 7, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00008-BNB

Jack Ulrey
Prisoner No. 117357
Centennial Corr. Facility
PO Box 600
Cañon City, CO 81215- 0600

    I hereby certify that I have mailed a copy of the **ORDER** and **two copies of the Prisoner Complaint form** to the above-named individuals on 1/7/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk